PER CURIAM.
Ruth Turgeon is an 85-year-old woman living in Lantana, Florida. In January, 1998, the Department of Children and Families filed a petition to determine Tur-geon’s incapacity and to appoint a guardian. The petition identified the nature of Turgeon’s incapacity:
Ruth becomes forgetful and confused particularly when put under pressure. She has considerable assets and is very vulnerable for exploitation.
The court appointed Amy Nicol as the temporary emergency guardian of the person and property of Ruth Turgeon. Nicol retained Edward Shipe as her attorney.
*162 On April 14, 1998, the court found Tur-geon to be partially incapacitated and appointed her niece Mary Morgan as the limited guardian of Turgeon’s person. The court relieved Nicol of her duties as temporary guardian. On June 9,1998, the court awarded Shipe $12,746.72 in attorney’s fees for representing Nicol, the precise figure he requested in his submission to the court.
After the trial judge received a faxed letter ostensibly written and signed by Turgeon, the court on July 6, 1998, sua sponte entered an order setting a hearing “as to why MARY ELIZABETH MORGAN should not be prohibited from removing RUTH TURGEON from Palm Beach County, Florida and all other matters contained in her letter.” The court appointed Shipe as “an Attorney ad Litem to represent RUTH TURGEON for the purpose of this hearing.”
On July 10, 1998, the court held the hearing generated by Turgeon’s letter to him. Two orders resulted. In the first, the trial court ruled that Morgan had
very limited powers and [had] no rights over the residence of RUTH TUR-GEON. In no event shall MARY ELIZABETH MORGAN take any action to move RUTH TURGEON from her house, without authorization of this Court.
The second order, entered on July 15, 1998, appointed Amy Nicol as a court monitor “to insure that RUTH TURGEON is appropriately cared for.” This second order did not mention Shipe.
This appeal concerns two orders awarding attorney’s fees for work Shipe did after July 14, 1998. Chapter 744 contemplates that the court will prudently supervise the disposition of the ward’s assets in a guardianship proceeding. Part of such conservative supervision is that where an attorney is appointed by the court to represent the ward, the scope and extent of such representation is limited by the order of appointment. The letter Tur-geon apparently sent to the judge created a situation where the interest of the guardian was adverse to that of her ward within the meaning of section 744.391, Florida Statutes (1999). The court was therefore authorized to appoint a guardian ad litem to “represent the ward in that particular litigation.” Id. The order appointing Shipe expressly limited his engagement to the July 10 hearing. No later order was entered expanding the scope of Shipe’s authority to represent the ward in other matters, nor did Shipe ever seek to clarify his authority to perform any legal services after July, 1998.
For these reasons, we reverse the orders at issue and remand to the trial court for redetermination of a reasonable fee for services rendered incident to the hearing on July 10, 1998. See In re Guardianship of Jansen, 405 So.2d 1074, 1077 (Fla. 2d DCA 1981).
REVERSED AND REMANDED.
WARNER, C.J., SHAHOOD and GROSS, JJ., concur.